UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA         :

    - v. -                        :    INFORMATION

MICHAEL FALCO,                   :    13 Cr. 281

        Defendant.            :

- - - - - - - - - - - - - - - - - - X

ORIGINAL

### COUNT ONE
(Access Device Fraud)

The United States Attorney charges:

1. From in or about November 2007, through in or about February 2009, in the Southern District of New York and elsewhere, MICHAEL FALCO, the defendant, knowingly and with intent to defraud, in an offense affecting interstate and foreign commerce, did effect and attempt to effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period the aggregate value of which was equal to and greater than $1,000, to wit, without authorization to do so, MICHAEL FALCO used credit cards and debit cards issued on the accounts of Victim 1 to purchase goods, withdraw cash, and make payments in amounts totaling more than $1,000 during a one-year period.

(Title 18, United States Code, Sections 1029(a)(5) & (b)(1).)

1

COUNT TWO
(Aggravated Identity Theft)

The United States Attorney further charges:

2. From in or about November 2007, through in or about February 2009, in the Southern District of New York and elsewhere, with the intent to commit, and to aid and abet, and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely, the access device fraud offense charged in Count One of this Information, MICHAEL FALCO, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, Victim 1's name, date of birth, and Social Security number.

(Title 18, United States Code, Section 1028A(a)(5).)

COUNT THREE
(Access Device Fraud)

The United States Attorney further charges:

3. From in or about November 2011, through in or about December 2011, in the Southern District of New York and elsewhere, MICHAEL FALCO, the defendant, knowingly and with intent to defraud, in an offense affecting interstate and foreign commerce, did effect and attempt to effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period the aggregate value of which was equal to and greater than

$1,000, to wit, without authorization to do so, MICHAEL FALCO used a credit card issued on the credit card account of Victim 2 to purchase goods in an amount totaling more than $1,000 during a one-year period.

(Title 18, United States Code, Sections 1029(a)(5) & (b)(1).)

### COUNT FOUR
(Access Device Fraud)

The United States Attorney further charges:

4. In or about September 2012, in the Southern District of New York and elsewhere, MICHAEL FALCO, the defendant, knowingly and with intent to defraud, in an offense affecting interstate and foreign commerce, did effect and attempt to effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period the aggregate value of which was equal to and greater than $1,000, to wit, without authorization to do so, MICHAEL FALCO used a credit card issued on the account of Victim 3 to purchase goods in an amount totaling more than $1,000 during a one-year period.

(Title 18, United States Code, Sections 1029(a)(5) & (b)(1).)

### COUNT FIVE
(Narcotics Conspiracy)

The United States Attorney further charges:

5. In or about 2010, in the Southern District of New York and elsewhere, MICHAEL FALCO, the defendant, and others

known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of the conspiracy that MICHAEL FALCO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

7. The controlled substance involved in the offense was oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

OVERT ACT

8. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about October 27, 2010, MICHAEL FALCO, the defendant, filled a prescription for oxycodone at a pharmacy in Yonkers, New York.

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATION AS TO COUNTS ONE, THREE, and FOUR

9. As a result of committing the access device fraud offenses alleged in Counts One, Three, and Four of this Information, MICHAEL FALCO, the defendant, shall forfeit to the

4

United States pursuant to 18 U.S.C. § 982(a)(2)(B), all property, real and personal, constituting or derived from proceeds obtained directly or indirectly as a result of these offenses.

### Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982.)

### FORFEITURE ALLEGATION AS TO COUNT FIVE

11. As a result of committing the controlled substance offense alleged in Count Five of this Information, MICHAEL FALCO, the defendant, shall forfeit to the United States pursuant to

Title 21, Untied States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation of alleged in Count Five of the Information.

### Substitute Asset Provision

12.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

*Preet Bharara*
_____
PREET BHARARA
United States Attorney